IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:21-cv-256-CEM-EJK

ANTHONY COLON,
    Plaintiff,
vs.

DEPUTY WENDELL SMITH, Badge No.75438 ,
in his individual capacity, and CORPORAL
RONALD RASLOWSKY, Badge No. 3535,
in his individual capacity,
_____/

# DEFENDANT DEPUTY WENDELL SMITH'S MOTION FOR RELIEF FROM JUDGMENT

Defendant, Deputy Wendell Smith, in his individual capacity, pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6), by and through the undersigned attorneys, request relief from this Court's order (Doc. 32), and in support of state as follows:

1. On July 6, 2022 Deputy Smith filed his motion for summary judgment asserting the defense of qualified immunity – that he did not violate clearly established law nor deprived the Plaintiff of any constitutional rights. (Doc. 20).

2. On July 27, 2022, Plaintiff filed his response to Defendant's motion for summary judgment. (Docs. 24).

3. On November 9, 2022, this Court entered an Order granting in part and denying in part Defendants' motions for summary judgment. However, this Court did not address whether Deputy Smith, as the arresting officer had authority to arrest the Plaintiff for failing to identify himself once it ruled that the *Terry* Stop was constitutional. (Doc. 32).

4. Deputy Smith requests this Court reconsider its order as Deputy Smith had at minimum arguable probable cause to arrest the Plaintiff for failing to identify himself under Fla. Stat. 843.02.

## MEMORANDUM OF LAW

**I. Standard of Review**

Rule 60(b) of the Federal Rules of Civil Procedure allows a Court to "relieve a party … form a final judgment, order, or proceeding" for certain specified reasons. Fed. R. Civ. P. 60(b). This includes a "mistake" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) – (6).  A denial of qualified immunity is an order from which a party may seek relief pursuant to Rule 60(b). *See Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1131 (11th Cir. 1986) ("A final judgment under Rule 60(b) is any judgment that is an appealable order."). Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. *See Jordan v. Mosley*, 487 F.3d 1350, 1354 (11th Cir. 2007).

## II. Deputy Smith Had Arguable Probable Cause To Arrest The Plaintiff

Florida law provides that an individual commits the offense of resisting an officer without violence when he "resist[s], obstruct[s], or oppose[s] any [law enforcement] officer . . . in the lawful execution of any legal duty, without offering or doing violence to the person of the officer." Fla. Stat. § 843.02. "[T]o support a conviction for obstruction without violence, the State must prove: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the defendant's action, by his words, conduct, or a combination thereof, constituted obstruction or resistance of that lawful duty." *C.E.L. v. State*, 24 So. 3d 1181, 1185-86 (Fla. 2009).

As this Court noted, it was appropriate for both Corporal Raslowsky and Deputy Smith to conduct a *Terry* stop to ascertain the Plaintiff's identity and determine if he was involved in the incident they were called to investigate.[1] (Doc. 32, Pg. 16-17). At this point, the Plaintiff had been legally detained.[2] However, the Court focused simply on the positive actions of the Plaintiff, i.e. his asking questions, and not on his negative actions – his failure to identify himself or otherwise comply with Corporal Raslowsky's questions.

---

[1] [I]t is well established that an officer may ask a suspect to identify himself in the course of a *Terry* stop . . . ." *Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177, 186-87, (2004).
[2] As the Court also pointed out, these temporary seizures do not violate the Fourth Amendment. (Doc. 32, Pg. 19).

An arrest comports with the Fourth Amendment if it is supported by probable cause for *any* offense. *See Elmore v. Fulton Cty. Sch. Dist.*, 605 F. App'x 906, 914 (11th Cir. 2015)("So long as the circumstances known to the officers, viewed objectively, give probable cause to arrest for any crime, the arrest is constitutionally valid even if probable cause was lacking as to some offenses, or even all announced charges."). However, all that is required for qualified immunity purposes is arguable probable cause.[3] The arrest was therefore lawful if there was arguable probable cause or probable cause that the Plaintiff was resisting an officer without violence within the meaning of Fla. Stat. § 843.02.

"If a police officer is not engaged in executing process on a person, is not legally detaining that person, or has not asked the person for assistance with an ongoing emergency that presents a serious threat of imminent harm to person or property, the person's words alone can rarely . . . rise to the level of obstruction." *D.G. v. State*, 661 So. 2d 75, 76 (Fla. 2d DCA 1995). To render this provision consistent with the First Amendment's protection of speech, "Florida

---

[3] Arguable probable cause exists where an officer "reasonably could have believed that probable cause existed, in light of the information the officer possessed." *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997). "Indeed, it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and in such cases those officials should not be held personally liable." *Von Stein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990); *see also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity."); *Montoute*, 114 F.3d at 184 ("Thus, the qualified immunity standard is broad enough to cover some 'mistaken judgment.'").

courts have generally held, with very limited exceptions, that physical conduct must accompany offensive words to support a conviction under § 843.02." *Davis v. Williams*, 451 F.3d 759, 765 (11th Cir. 2006).

One of the "limited exceptions" when the "use of words alone can be a violation of § 843.02" is when a suspect does not provide correct information to a police officer during a valid arrest or *Terry* stop. *See, e.g. Draper v. Reynolds*, 369 F. 3d 1270, 1276-77 (11th Cir. 2004) (failure to provide identification, acting belligerently and confrontationally was probable cause for arrest for obstruction of justice); *see also Alli v. Green,* 2022 U.S. Dist. LEXIS 148349 *28 (M.D. Fla. Aug. 18, 2022) (Probable cause to arrest for obstruction where Plaintiff failed to identify himself during *Terry* stop); *Sauz v. State*, 27 So. 3d 226, 227 (Fla. 2d DCA 2010) (Failing to give one's correct identity is a crime if the person is legally detained); *Rumph v. State*, 544 So. 2d 1150 (Fla. 5th DCA 1989) (giving false name to officer after arrest supported conviction for resisting); *Burkes v. State*, 719 So. 2d 29, 30 (Fla. 2d DCA 1998); *D.G. v. State*, 661 So. 2d 75, 76 (Fla. 2d DCA 1995).

It is an undisputed fact that Corporal Raslowsky approached the Plaintiff and demanded he identify himself. Plaintiff refused to do so. This occurred in Deputy Smith's presence. There are no two ways around it, it cannot be that the Defendants had the lawful authority to detain the Plaintiff and ask him to identify himself, and then lacked the authority to arrest him when he does not comply with

lawful commands. There was at a minimum arguable probable cause to arrest the Plaintiff for failing to identify himself in violation of Fla. Stat. § 843.02.

For these reasons, Defendant respectfully requests this Court grant his motion for reconsideration.

### 3.01(g) Certification

The undersigned certifies that he has attempted to confer, in good faith, with Plaintiff's Counsel, Carlus Haynes, Esquire, via email, but has not received a response at this time. The undersigned will timely update this certification when he has been able to confer with Plaintiff's counsel.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of December 2022, a true copy hereof has been electronically file with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to Plaintiff's counsel, **Carlus Haynes**, **Esquire**, 8615 Commodity Circle, Unit 6, Orlando, FL 32819.

/s/ *Bruce R. Bogan*
Bruce R. Bogan, Esquire
Fla. Bar No. 599565
David R. Jadon, Esquire
Fla. Bar No. 1010249
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile:  407-841-8431
Email: bbogan@hilyardlawfirm.com
           djadon@hilyardlawfirm.com

                                              Attorneys for Defendants Smith and Raslowsky