UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANTHONY COLON,**

        **Plaintiff,**

v.                                        Case No. 6:21-cv-256-CEM-EJK

**WENDELL SMITH and RONALD RASLOWSKY,**

        **Defendants.**

                              /

## ORDER

THIS CAUSE is before the Court on Defendant Ronald Raslowsky's Motion for Relief from Judgment ("Raslowsky's Motion," Doc. 37) and Defendant Wendell Smith's Motion for Relief from Judgment ("Smith's Motion," Doc. 38) (collectively, "Motions"). Plaintiff filed Responses (Doc. Nos. 40, 44) to the Motions. For the reasons stated herein, the Motions will be denied.

### I.  BACKGROUND

This case arises from an interaction between Defendants, who are police officers with the Orange County Sheriff's Office, (Raslowsky Dep., Doc. 19-2, at 5; Smith Dep., Doc. 19-3, at 4), and Plaintiff, an individual who lives and works in Orlando, (Pl.'s Dep., Doc. 19-1, at 6–7, 10–11). As detailed in the Court's previous Order ("Summary Judgment Order," Doc. 32), at one point during the interaction, a

physical altercation occurred between Plaintiff and Defendants, (*id.* 2–5), which resulted in Plaintiff being arrested and charged with battery on a law enforcement officer and resisting an officer with violence, charges that were eventually dropped, (Smith Arrest Aff., Doc. 19-6, at 2; Nolle Prosequi, Doc. 23-5, at 1).

Plaintiff filed the instant case, alleging twelve counts comprising six causes of action against each Defendant separately in their individual capacity—false arrest and unreasonable seizure, 42 U.S.C. § 1983 (Counts I and II); excessive force, 42 U.S.C. § 1983 (Counts III and IV); malicious prosecution, 42 U.S.C. § 1983 (Counts V and VI); false imprisonment (Counts VII and VIII); battery (Counts IX and X); and intentional infliction of emotional distress (Counts XI and XII). (Compl., Doc. 1, at 5–22). Each Defendant moved for summary judgment on all counts brought against them, arguing among other things that they were entitled to qualified immunity. (*See generally* Defs.' Mots. for Summ. J., Doc. Nos. 19, 20). The Court denied both Defendants' Motions for Summary Judgment, except that the Court granted Raslowsky's Motion for Summary Judgment "as to Count II insofar as it alleges an unconstitutional seizure in regard to the *Terry* stop." (Doc. 32 at 24–25). Defendants now move for relief from judgment as to the Court's Summary Judgment Order, pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). (*See generally* Doc. Nos. 37, 38).

## II. LEGAL STANDARD

Defendants move for relief from judgment, or reconsideration, pursuant to Rule 60(b)(1) and (6), which states, in part, that "the court may relieve a party . . . from a final judgment, [or] order, . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Pursuant to Rule 60 and other rules, district courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007). However, "[r]econsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000).

### III. ANALYSIS

Starting with Raslowsky's Motion, he argues that the Court erred by failing to grant him qualified immunity because he was not the arresting officer. Specifically, Raslowsky contends, rather summarily, that "[t]here are no facts to suggest Raslowsky participated in the arrest of the Plaintiff." (Doc. 37 at 5). But this is an issue that the Court expressly addressed in the Summary Judgment Order. As the Court explained, "[a]n officer cannot be held liable for false arrest under § 1983 if the officer did not participate in the actual arrest or was not in the chain of command supervising the arresting officer." (Doc. 32 at 14 (quoting *Diaz v. Miami-Dade Cnty.*, 849 F. App'x 787, 791 (11th Cir. 2021) (citing *Brown v. City of Huntsville*, 608 F.3d 724, 736–37 (11th Cir. 2010)))). The Court then considered the evidence presented by the parties at the summary judgment stage and reached the conclusion that it was "undisputed that Raslowsky's participation in Plaintiff's arrest was limited to the initial questioning of Plaintiff, the altercation between Plaintiff and Raslowsky, and tasering Plaintiff." (*Id.*) Based on these undisputed facts and Raslowsky's legal argument, the Court was unable to determine "whether tasering Plaintiff ma[de Raslowsky] a participant in the arrest of Plaintiff." (*Id.*). In short, Raslowsky failed to meet his burden on summary judgment that he did not participate in the arrest of Plaintiff. Now, Raslowsky has also failed to meet his

burden for the Court to reconsider its Summary Judgment Order. Accordingly, Raslowsky's Motion will be denied.

Moving on to Smith's Motion, he argues that the Court erred in its Summary Judgment Order by failing to find that Smith had arguable probable cause to arrest Plaintiff. Once again, this is an issue that the Court expressly addressed in its Summary Judgment Order. (*See* Doc. 32 at 19–22). Smith's arguments for reconsideration do nothing more than disagree with the Court's analysis and re-hash arguments that either were—or should have been—asserted on summary judgment. This is not a basis for reconsideration. *Latipov v. U.S. Att'y General*, 562 F. App'x 800, 802 (11th Cir. 2014) (noting that "merely disagree[ing]" with a Court's Order is an "insufficient" basis for reconsideration). Accordingly, Smith's Motion will also be denied.

### IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant Ronald Raslowsky's Motion for Relief from Judgment (Doc. 37) is **DENIED**.

2. Defendant Wendell Smith's Motion for Relief from Judgment (Doc. 38) is **DENIED**.

3. In light of Defendants previous Notice of Appeal (Doc. 41) and the Eleventh Circuit's Notice (Doc. 51-1), this case is **STAYED** pending appeal.

4. The Clerk is directed to administratively close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 19, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record